UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-00533-FDW

| | |
|---|---|
| CONTEGO SPA DESIGNS, INC., | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| CHRISTY LE JL CORPORATION, d/b/a US Nails, a North Carolina corporation, and CHRISTY LE, an individual, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Defendant's Motion to Stay (Doc. No. 28). This matter has been fully briefed, (Doc. Nos. 28, 30, 31), and is ripe for ruling. For the reasons set forth below, Defendant's Motion is DENIED.

## I.   BACKGROUND

On August 23, 2023, Plaintiff Contego Spa Designs, Inc. ("Plaintiff") filed a Complaint, (Doc. No. 1), against Defendants Christy Le JL Corporation and Christy Le ("Defendants"), alleging direct, induced, and contributory patent infringement of U.S. Patent No. 9,289,353 ("'353 Patent"). Specifically, the Complaint alleges infringement of the '353 Patent through use of T-Spa MFG., LLC and T-Spa Depot, LLC's ("T-Spa") KYEN model spa chair ("Accused Product") with liners. (Doc. No. 1, p. 5). Defendants purchased the Accused Product from T-Spa. (Id.). On March 30, 2023, prior to the filing of the present suit, Plaintiff filed suit against T-Spa in the Southern District of Texas alleging T-Spa directly and contributorily infringed as well as induced infringement on the '353 Patent through sale of the Accused Product without the liner. See Contego Spa Designs, Inc. v. T-Spa MFG., LLC et al, No. 4:23-cv-01173 (S.D. Tex.) (hereinafter "Texas

1

case"). On November 6, 2023, Defendants moved for a stay of the present case pending judgment in the Texas case. (Doc. No. 28).

## II. DISCUSSION

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Generally, "when multiple suits are filed in different Federal courts upon the same factual issues, the first or prior action is permitted to proceed to the exclusion of another subsequently filed." Allied-Gen. Nuclear Servs. V. Commonwealth Edison Co., 675 F.2d 610, 611 n.1 (4th Cir. 1982). The decision whether to invoke the first-to-file rule is discretionary and made on a case-by-case basis. Nutrition & Fitness, Inc. v. Blue Stuff, Inc., 264 F. Supp. 2d, 357, 360 (W.D.N.C. 2003). To determine whether to apply the first-to-file rule, courts consider three factors: (1) "the chronology of the filings"; (2) "the similarity of the parties involved"; and (3) "the similarity of the issues at stake." Id. After considering these factors, a court may still decide that "'special circumstances,' such as forum shopping, anticipatory filing, or bad faith filing" merit disregarding the rule. Id.

As for chronology, the present suit was filed in this Court nearly five months after Plaintiff filed their Texas case against T-Spa. While Plaintiff raises the issue of an Amended Complaint in the Texas case, case law makes clear that the original filing date is the date of importance. See, e.g., U.S. ex rel. Carter v. Halliburton Co., 144 F. Supp. 3d 869, 880 (E.D. Va. 2015) ("Amending the complaint would not cure the first-to-file bar and therefore is futile."). Thus, the chronology factor weighs in favor of a stay. However, both the similarity of parties and similarity of issues weigh against a stay.

Though the defendants in the Texas case have a relationship with a Defendant before this Court, there is not enough overlap to justify a stay. Defendant Christy Le JL Corporation is a customer of the defendants in the Texas case. However, Defendant Christy Le JL Corporation uses the Accused Product in their business and is not a seller of the product itself. Furthermore, in the Texas case, Plaintiff alleges induced infringement and contributory infringement based on the defendants' sale of the spa chair *without* the liners. Comparatively, the present case alleges claims of direct infringement based on Defendants' use of the spa chairs *with* the liners as well as induced infringement based on Defendants' instruction to employees to insert the liners into the spa chair. Of course, this Court recognizes the potential overlap of these claims; however, the differences between the cases may also lead to discrepancies in discovery and even a judgment in the Texas case that has no bearing on the present case. Therefore, the totality of factors weigh against a stay and the Court declines to apply the first-to-file rule.

As an alternative to the first-to-file rule, Defendants ask this Court to apply the customer-suit exception to stay the present case. When determining the application of the customer-suit exception, "the primary question is whether the issues and parties are such that the disposition of one case would be dispositive of the other." See Katz v. Lear Siegler, Inc., 909 F.2d 1459, 1463 (Fed. Cir. 1990). Generally, courts consider three factors when applying the customer-suit exception: (1) "whether the customers in the first-filed action are mere resellers of products manufactured by the party in the second-filed action;" (2) "whether the customers in the first-filed action have agreed to be bound by any decision in the second-filed action;" and (3) "whether the manufacturers in the second-filed action are the only source of the allegedly infringing activity or product." See Lighthouse Consulting Grp., LLC v. Trust Bank, No. 2:19-cv-00250, 2020 WL 6781978, at *1 (E.D. Tex. Mar. 26, 2020).

As mentioned above, the issues and parties of each case are dissimilar in important ways. Namely, the claims against the Texas defendants include induced and contributory infringement for selling the spa chair while Defendants before this Court are alleged to have directly infringed through use of the spa chair with liners. As such, Defendants are not mere resellers of the Texas manufacturer defendant. Because it is Defendants' use of the spa chair with the liner that constitutes the alleged infringement, Defendants have personal knowledge of the alleged activity and product. Thus, Defendants are a source of information in addition to the Texas defendant manufacturer. Furthermore, Defendants carefully agreed to be bound by "the final outcome in the Texas [sic] [case] with respect to the allegations of direct infringement of the Accused Product and the invalidity determination of the '353 Patent." (Doc. No. 28-4, p. 3). While Defendants take the position that agreeing to be bound to the "final outcome" is not significantly different from agreeing to be bound to "any outcome" of the Texas case, this Court disagrees. Because of the differences in infringement alleged and the use of the Accused Product with liners, the difference between Defendants being bound to *any* decision of the Texas court and the final decision is significant. Therefore, in consideration of all the factors, the Court finds application of the customer-suit exception inappropriate.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Stay, (Doc. No. 28), is DENIED.

**IT IS FURTHER ORDERED** that the parties shall comply with the Patent Claim Construction Scheduling Order, (Doc. No. 32), entered by this Court.

**IT IS SO ORDERED.**

Signed: December 20, 2023

Frank D. Whitney
United States District Judge